CHANCERY.                    **Graves _vs_ Wood &c.**

                          ERROR TO THE BARREN CIRCUIT.

_Case_ 12.                 _Jurisdiction.    Tort.    Writings._

_September_ 12.     CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

RALPH F. WOOD, as deputy of _Bartlet L. Graves_, Sher-

The case stated. iff of Barren county, had executed to his principal, a bond, with his father as surety, for securing the collection and payment of the revenue and county levy, which he seems to have afterwards collected or become legally responsible for. They had partial settlements, in which the deputy obtained recepts, which so far as exhibited or admitted or proved, fall short of his apparent liability about $600. And the Sheriff being finally subjected, by judgment, to the payment of about $350 to the county of Barren, for an unpaid residuum of the collectable levy, after deducting all appropriations, filed a bill in Chancery against his said deputy and surety, for settlement and relief, alledging the loss of their said bond for his indemnity.

The deputy, in a general and rather vague and evasive manner, denied that he owed any thing, insisted that he had, from time to time, paid over all that he had collected, _and more_, and alledged that there had been a final settlement, upon which the said bond had been surrendered to him, and which he exhibited in his answer.

In an amended bill, the Sheriff re-asserted, that there had been no final settlement and full payment; averred that he had never surrendered the bond to the deputy, and was surprised to find that he had, in some way unknown to him, obtained the possession of it, and claimed a decree for whatever should be found due beyond the payments which should be established.

Decree of Circuit Court. The bill was dismissed, and, as we think, erroneously.

The facts, as now exhibited, conduce, satisfactorily if not conclusively, to the conclusion, that at the last settlement between the parties, _the residuum going to the_

*county was not paid or accounted for, and that the deputy's bond was not then given up or spoken of;* and not only is there neither proof nor even allegation, that there was any subsequent payment, but the vouchers fortify the deduction, that the said residuum at least, remains unpaid by the deputy.

The possession of such a bond, unaccounted for under such circumstances, is alone insufficient to prove either a full settlement or a full payment.

We are therefore of the opinion, that the deputy should be held responsible for the amount paid by the Sheriff, to the county, with legal interest thereon from the date of that payment. The right to more is perhaps too questionable to authorize a reversal to any greater extent.

And, as we are inclined strongly, of course, to the conclusion, that the bond was never either voluntarily surrendered or known, or believed not to have been lost when the bill was filed, therefore the exhibition of it *pendente lite* did not affect the jurisdiction properly and in good faith, given by the bill as filed.

Wherefore, the decree of the Circuit Court is reversed, and the cause remanded, for a decree against the defendants for the amount already indicated.

*Monroe* for plaintiff: *Owsley & Goodloe* for defendants.